UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Case No. 15-11579

Karl E. Harrington, et al.,                                    Sean F. Cox
                                                                            United States District Court Judge
    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

The instant action relates to a dispute over unpaid federal tax liabilities. This matter is before the Court on Defendant Jeanne M. Herrington's ("Defendant") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Defendant is currently incarcerated in a federal prison in West Virginia and has proceeded pro se in this matter. The motion has been fully briefed by the parties. For the reasons set forth below, the Court shall DENY Defendant's motion.

**BACKGROUND**

A.    **Factual Background**

Plaintiff commenced this action on May 1, 2015, seeking to collect unpaid federal tax liabilities from Defendants Jeanne and Karl Herrington. (Docket Entry. No. 1, Compl.). Defendant allegedly owes Plaintiff an excess of $64,000 as a result of her failure to pay federal tax liabilities related to the income tax years of 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2006, and 2007. (Compl. ¶ 28). Plaintiff would additionally like to enforce its federal tax liens against real property located in Parma, Michigan. (Compl. ¶¶ 33-34, 37-41). Plaintiff contends

that Defendant has a purported interest in the Parma property. *Id.* Plaintiff's complaint alleges that the Court has jurisdiction under 28 U.S.C. §§ 1331, 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403. (Compl. ¶ 1). Although Defendant is currently incarcerated in West Virginia, Plaintiff alleges that Defendant's domicile is Michigan. (Compl. ¶¶ 5, 6).

**B.     Procedural Background**

Plaintiff filed this action against Defendants in Federal Court based upon federal question jurisdiction. Plaintiff's complaint lists the following parties as defendants: 1) Karl E. Herrington; 2) Jeanne M. Herrington; 3) Michael Robert Herrington; 4) Jackson County Treasurer, in the State of Michigan; 5) State of Michigan; and 6) Portfolio Recovery Associates. (Compl. ¶¶ 3-10). A Clerk's entry of default as to Michael Robert Herrington, Jackson County Treasurer, and Portfolio Recovery Associates was filed on September 1, 2015. (Docket Entry No. 21, 22, 23).

Plaintiff's complaint is comprised of two counts. Count I contains allegations against both Karl and Jeanne Herrington. Plaintiff alleges that, despite notice and demand, Karl and Jeanne Herrington have failed, neglected, or refused to fully pay liabilities individually assessed against them. (Compl. ¶¶ 13, 28). As such, Karl and Jeanne Herrington each remain indebted to Plaintiff. *Id.* Specifically, Plaintiff alleges that Karl Herrington's costs, fees, accruals, abatements, payments, and credits amount to $141,542.56 and Defendant's liabilities amount to $64,388.97. *Id.* Count II contains allegations against both Karl and Jeanne Herrington.[1] In it, Plaintiff alleges that Karl and Jeanne Herrington's failure, neglect, or refusal to pay the taxes assessed against them individually gave rise to liens in favor of Plaintiff pursuant to 26 U.S.C. §§ 6321 and 6322, upon all property and rights to property of Karl and Jeanne Herrington, in an

---

[1] Plaintiff's complaint has its second count labeled "Count III," but because there is no Count II preceding it, the Court shall refer to Plaintiff's "Count III" as Count II.

amount equal to their unpaid assessed liabilities. (Compl. ¶ 34). Pursuant to 26 U.S.C. § 7403, Plaintiff seeks to enforce its liens against the property of Karl and Jeanne Herrington. (Compl. ¶ 41).

    Plaintiff's Complaint seeks the following relief:

A.     Judgment in its favor against Defendant Karl E. Herrington for his income tax liabilities and civil penalties in the amount of $141,542.56, plus statutory additions and interest that continue to accrue from and after March 2, 2105;

B.     Judgment in its favor against Defendant Jeanne M. Herrington for her income tax liabilities and civil penalties in the amount of $64,388.97, plus statutory additions and interest that continue to accrue from and after March 2, 2105;

C.     Judgment in its favor that it has valid and subsisting federal tax liens on all property and rights to property of Defendants Karl E. Herrington and Jeanne M. Herrington, including their interest in the Property;

D.     Judgment in its favor enforcing the federal tax liens against the Property, and ordering the property to be sold, according to law, free and clear of all rights, titles, claims, and interest of the parties to this case, including any rights of redemption, with the net proceeds of the sale, after the payment of the costs of sale and any real estate taxes due and owning as permitted by 26 U.S.C. § 6323(b)(6), to be distributed among the parties in accordance with their lawful priorities;

E.     Judgment that, if Defendant Michael Robert Herrington fails to appear and prove a right, title, claim, lien, or interest in the Property, said defendant has no right, title, claim, lien, or interest in the Property;

F.     Judgment that, if the defendant State of Michigan fails to appear and prove a right, title, claim, lien, or interest in the Property, said defendant has no right, title, claim, lien, or interest in the Property;

G.     Judgment that, if the defendant Portfolio Recovery Associates fails to appear and prove a right, title, claim, lien, or interest in the Property, said defendant has no right, title, claim, lien, or interest in the Property; and

H.     Any other and further relief that the Court deems just and proper, including Plaintiff's costs

(Compl. at pp. 12-13).

In lieu of filing an Answer, Defendant Jeanne M. Herrington has filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(2). (Docket Entry No. 11, Def.'s Motion). Defendant argues that this Court lacks subject matter jurisdiction over the matter at issue as well as personal jurisdiction over Defendant herself. Plaintiff opposes Defendant's motion.

## STANDARDS OF REVIEW

**A.      Subject-Matter Jurisdiction**

In a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the party invoking federal jurisdiction bears the burden of proving it. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005). Subject-matter jurisdiction may be challenged facially or factually. *Ohio Nat'l Life Ins. Co. v. U.S.* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on subject-matter jurisdiction questions the sufficiency of the pleadings. *Id.* When evaluating a facial attack, the Court looks to whether the plaintiff has alleged a basis for subject matter jurisdiction and takes all allegations plead in the complaint as true. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). However, under a factual attack, the Court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "[N]o presumptive truthfulness applies to the complaint's allegations, and [the court] must weigh conflicting evidence." *Id.*

**B.      Personal Jurisdiction**

In a motion to dismiss for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving the court's jurisdiction over the defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). "[I]n

the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  If the Court finds no need for an evidentiary hearing, "the burden on the plaintiff is relatively slight" and the Court must "consider the pleadings and affidavits in the light most favorable to the plaintiff."  *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988) (citing *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980)).  Where no evidentiary hearing is held, the plaintiff need only make a prima facie showing of jurisdiction to avoid dismissal.  *Neogen*, 282 F.3d at 887.

## ANALYSIS

Defendant has filed a single motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(2). None of the asserted bases for dismissal pursuant to the above Rules have merit.  Defendant advances additional miscellaneous arguments - all of which are under-developed and unrelated to the motion.[2]  Since Defendant's arguments have no bearing on her Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(2), and because Defendant has failed to substantiate these conclusory claims, the Court shall discuss only the issues pertaining to subject-matter and personal jurisdiction.

---

[2] In addition to arguing that the Court lacks personal and subject-matter jurisdiction, Defendant appears to make a claim under what has been called the "redemption theory." Defendant's argument here is without merit, unsupported, and has absolutely no bearing on this Court's jurisdiction, which is the basis for Defendant's motion.  Defendant also asserts, in a conclusory manner, that Plaintiff has failed to comply with F.R.C.P. 4(e) and 17(a).  These arguments are also without merit.

A.     **Subject-Matter Jurisdiction Exists Over Plaintiff's Claims**

Defendant appears to be arguing that the Court lacks subject-matter jurisdiction over Plaintiff's claims because "no other than a court of Admiralty can enforce maritime liens." (Def.'s Motion ¶ 4).

Before addressing whether or not subject-matter jurisdiction exists over Plaintiff's claims, the Court notes that neither admiralty nor maritime law is implicated here. "[A]dmiralty jurisdiction exists only if the complained of incident occurred on navigable waters or is substantially related to traditional maritime activity." *Herrington v. Agents for Int'l Monetary Fund*, No. 5-74424-DT, 2005 WL 3334827, at *1. Plaintiff's complaint does not contain allegations relating to maritime activity nor does it contain allegations of incidents occurring on navigable waters. Rather, it seeks the collection of unpaid federal tax liabilities and the enforcement of federal tax liens on Defendant's real property. For these reasons, Defendant's argument is without merit. Defendant's argument also fails for another reason: it mistakenly presumes that this Court lacks the power to hear and decide cases of admiralty and maritime jurisdiction. However, 28 U.S.C. § 1333(1) confers upon the district courts original jurisdiction over any civil case of admiralty or maritime jurisdiction. Thus, even if the liens at issue were maritime liens, this on its own would not strip the Court of its power to hear this case.

The Court has subject-matter jurisdiction over Plaintiff's claims on various grounds. Because this suit was commenced by the United States, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1345 (conferring upon the district courts original jurisdiction over all civil actions, suits or proceedings commenced by the United States..."). The Court also has subject-matter jurisdiction under 28 U.S.C. § 1345, since the matter at issue is a civil action arising under an Act of Congress providing for the internal revenue. Moreover, the Court has

subject-matter jurisdiction over Plaintiff's claims because "district courts of the United States at the instance of the United States shall have such jurisdiction... to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a).  And finally, the legal right of Plaintiff to commence this type of action is established by  26 U.S.C. § 7403 ("[i]n any case where there has been a refusal or neglect to pay any tax... a civil action [may] be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property... to the payment of such tax or liability.").

For the reasons cited above, the Court finds that it has subject-matter jurisdiction over this action.  Accordingly, the Court shall deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(1).

### B.     Personal Jurisdiction Exists Over Defendant Jeanne M. Herrington

Neither party has requested to conduct limited discovery, or for the Court to hold an evidentiary hearing, on the issue of whether the Court has personal jurisdiction over Defendant. Therefore, the burden on Plaintiff is slight, and Plaintiff must only make a prima facie showing that Defendant is subject to personal jurisdiction in Michigan to avoid dismissal.

Plaintiff has pleaded federal claims against Defendant.

> Where... a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, the personal jurisdiction analysis depends on whether the federal statute in question contains a national service of process provision. The existence of a national service of process provision "confers personal jurisdiction in any federal district court over a defendant with minimum contacts to the United States."
>
> The Supreme Court has held that when there is no provision authorizing nationwide service, federal courts must follow Rule 4(k) of the Federal Rules of Civil Procedure, which, *inter alia,* limits a court's exercise of personal jurisdiction to persons who can be reached by the forum state's long-arm statute . . . .

*Alisoglu v. Central States Thermo King of Oklahoma*, 2012 WL 1666426 at *2-4 (E.D. Mich. May 11, 2012) (Rosen, J.).

Here, none of the federal statutes in question contain a nationwide service of process provision. In federal question cases as this, where no such provision exists, the Court is required to apply a test similar to that used in diversity cases and "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" *Alisoglu*, 2012 WL 1666426 at *4 (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). Michigan's long-arm statute permits the exercise of both "general" and "limited" jurisdiction over individuals. *See* M.C.L. § 600.701, § 600.705.

For the reasons set forth below, the Court finds that it has general personal jurisdiction over Defendant. Accordingly, the Court shall deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(2).

### 1. General Personal Jurisdiction

Under Michigan law, a court has general personal jurisdiction over an individual if that individual is domiciled in the state at the time process is served. *See* M.C.L. §600.701(2); *Milliken v. Meyer*, 311 U.S. 457, 462 (1940) ("Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment.").

Plaintiff has alleged that Defendant is domiciled in Michigan. Defendant has identified the property in Parma, Michigan as her home address on several of her previous tax returns. (Ex. 1 to Pl.'s Motion). In 2005, this Court found that Defendant was a citizen of Michigan for

purposes of diversity jurisdiction.[3] *See Herrington*, 2005 WL 3334827 at *1. Since then, Defendant has been compulsorily relocated to the state of West Virginia, where she remains incarcerated. For Defendant to establish that she has abandoned her Michigan domicile and has since acquired domicile within another state, Defendant must be physically present in the state and must have the intention to make her home there indefinitely or the absence of an intention to make her home elsewhere. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

Where, as here, the defendant is a prisoner that has been forced to relocate to another state for purposes of incarceration, the presumption is that a prisoner retains pre-incarceration domicile. To rebut this presumption, "more than unsubstantiated declarations" are required. *Stifel*, 477 F.2d at 1126. Here, Defendant has not offered any evidence to suggest that she has abandoned her Michigan residency. Notably, Defendant herself has not even asserted that she no longer maintains Michigan citizenship. Thus, Plaintiff has established that the Court has general personal jurisdiction over Defendant.

## CONCLUSION

For the foregoing reasons, the Court shall DENY Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(2).

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox, United States District Judge

Dated: December 29, 2015

---

[3] Defendant has previously filed several suits in this Court and others.

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2015, by electronic mail and ordinary mail to:

**Karl E Herrington**
Registration No. 45853039
P.O. Box 1085
Brooks, WI 53952

**Jeanne M Herrington** # 43680060
ALDERSON FEDERAL PRISON CAMP
Inmate Mail/Parcels
GLEN RAY RD. BOX A
ALDERSON, WV 24910

<u>S/Kelly Winslow for Jennifer McCoy</u>
Case Manager Generalist