UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                                  Case No. 15-11579

Karl E. Herrington, *et al.*,                                  Sean F. Cox
                                                                                     United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. #73)**

    The instant action relates to a dispute over unpaid federal tax liabilities. Plaintiff seeks to reduce to judgment unpaid federal tax assessments against Defendants Karl and Jeanne Herrington. Plaintiff further seeks to declare the validity of tax liens against real property owned by Karl and Jeanne Herrington free and clear of all rights, titles, claims and interests of the parties to this case. (Doc. #1, Compl).

    Currently before the Court is Plaintiff's Motion for Default Judgment against Portfolio Recovery Associates, Michael Robert Herrington and the Jackson County Treasurer. (Doc. #73). Plaintiff added these parties as defendants in its case against Karl and Jeanne Herrington because Plaintiff believed that they might claim an interest in the real property upon which Plaintiff seeks to enforce its federal tax liens. The Clerk of the Court has entered default as to these defendants, and no response to the instant motion has been filed.

    For the reasons below, the Court shall **GRANT** Plaintiff's unopposed Motion for Default Judgment.

1

**BACKGROUND**

Plaintiff filed this action against Defendants in Federal Court based upon federal question jurisdiction. Plaintiff commenced this action on May 1, 2015, seeking to collect unpaid federal tax liabilities from Defendants Karl E. Herrington and Jeanne M. Herrington. (Compl.).

Plaintiff alleges that Karl and Jeanne Herrington's failure to pay the taxes assessed against them gave rise to liens in favor of Plaintiff upon all property of Karl and Jeanne Herrington, in an amount equal to their unpaid assessed liabilities. (*Id*. at ¶ 34). Plaintiff alleges that Karl and Jeanne Herrington own real property known as 2889 Hendershot Road, Parma, MI 49269 ("Parma Property"). (*Id*. at ¶¶ 30, 32). Plaintiff seeks to enforce its liens against the Parma Property pursuant to 26 U.S.C. § 7403. (*Id*. ¶ 41).

In addition to Karl and Jeanne Herrington, the following parties were named as defendants in this suit because Plaintiff believed they might claim an interest in the Parma Property: 1) Michael Robert Herrington; 2) Jackson County Treasurer, in the State of Michigan; 3) State of Michigan[1]; and 4) Portfolio Recovery Associates. (*Id*. at ¶¶ 3-10).

The docket reflects that: Portfolio Recovery Associates was served in this action on May 18, 2015; that Michael Robert Herrington was served in this action on May 20, 2015; and that the Jackson County Treasurer was served in this action on May 26, 2015. Despite this, Portfolio Recovery Associates, Michael R. Herrington and the Jackson County Treasurer have not answered or appeared in this action. Plaintiff sought and obtained a Clerk's Entry of Default as

---

[1] The State of Michigan filed an Answer to Plaintiff's complaint on June 3, 2015. (Doc. #4). A Stipulated Judgment was subsequently entered on May 4, 2016, wherein it was ordered that: (1) Defendant State of Michigan had no interest in the Parma Property; and (2) that Defendant State of Michigan no longer needs to participate in this action. (Doc. #56).

to these defendants on September 1, 2015.  (Doc. #20-23).

On August 11, the Court entered an Order directing Plaintiff to Show Cause why Defendants Portfolio Recovery Associates, Michael Robert Herrington and Jackson County Treasurer should not be dismissed for failure to prosecute.  (Doc. #72).

On August 16, 2016, Plaintiff filed the instant Motion for Default Judgment against Portfolio Recovery Associates, Michael Robert Herrington and the Jackson County Treasurer. (Doc. #73).  Plaintiff's motion asks the Court to find that these defendants "have no right, title, claim, lien, or interest in the Parma Property."  (*Id*. at 3).  Plaintiff's motion is unopposed.

Plaintiff has also filed a Motion for Partial Summary Judgment.  (Doc. #63).  In it, Plaintiff seeks to reduce to judgment unpaid federal tax assessments against Defendants Karl and Jeanne Herrington.  Plaintiff additionally seeks to enforce federal tax liens against the real property owned by Defendants in Parma, Michigan through a court-ordered sale.  The Court has not yet entered an Opinion & Order as to this motion.

## ANALYSIS

When a default has been entered against a defendant, a plaintiff may seek default judgment from the Clerk of the Court or from the District Court.  FED. R. CIV. P. 55(b).  If "the plaintiff's claim is for a sum certain ... the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted."  *Id.* at 55(b)(1).  If the plaintiff's claim is not for a sum that can be computed, "the party must apply to the court for default judgment."  *Id.* at 55(b)(2).

Under Federal Rule of Civil Procedure 55(a), the Court may enter default judgment against a party if that party has failed to plead or otherwise defend the claim.  FED. R. CIV. P.

55(a). Where, as here, Defendants have been defaulted and Plaintiff has applied for default judgment, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Broadcast Music, Inc. v. Pub Acquisition, LLC*, 2014 WL 2993661 at *4 (N.D. Ohio 2014).

A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. FED. R. CIV. P. 55(b)(2). Because Plaintiff here is not seeking monetary damages, a hearing is not required.

### Entry of Default Judgment Is Warranted

Although Federal Rule of Civil Procedure 55(b)(2) does not provide a standard for when a party is entitled to judgment by default, case law advises courts to exercise "sound judicial discretion" when determining whether to enter the judgment. *State Farm Bank, F.S.B. v. Sloan*, 2011 WL 2144227, at *4 (E.D. Mich. May 31, 2011).

In this case, Plaintiff seeks only a declaration of rights and does not assert a claim for any damages against the defaulted defendants. As such, if the factual allegations provide a sufficient legal basis, the Court will enter a default Judgment. *See Coach v. Cellular Planet*, 2010 WL 1853424, at *7 (S.D. Ohio May 7, 2010).

Plaintiff has alleged that Karl and Jeanne Herrington's refusal to pay the taxes assessed against them gives rise to liens in Plaintiff's favor upon all property owned by Karl and Jeanne Herrington. Plaintiff further alleges that Karl and Jeanne Herrington own the Parma Property as tenants by the entirety. Plaintiff's complaint seeks, *inter alia*, a judgment enforcing the federal tax liens against the Parma Property free and clear of all rights, titles, claims and interest of parties to this case.

To date, Defendants Portfolio Recovery Associates, Michael R. Herrington and the Jackson County Treasurer have not appeared to defend or prove any claim, interest, title or right to the Parma Property. Nor have any of these defendants even attempted to have the Clerk's entry of default set aside. The Court therefore finds that default judgment is appropriate against these defendants.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**. Accordingly, default judgment is entered in favor of Plaintiff United States of America and against Defendants Portfolio Recovery Associates, Michael Robert Herrington and the Jackson County Treasurer. The Court finds that none of these defendants have any right, title, claim, lien, or interest in the real property located at 2889 Hendershot Road, Parma, MI 49269, which is more fully described in the complaint.

**IT IS SO ORDERED.**

Dated:  September 8, 2016                             S/ Sean F. Cox
                                                      Sean F. Cox
                                                      U. S. District Judge


I hereby certify that on September 8, 2016, the foregoing document was served on counsel of record via electronic means and upon Karl and Jeanne Herrington via First Class mail at the

addresses below:

Karl E Herrington
45853039
P.O. Box 1085
Brooks, WI 53952

Jeanne M Herrington 43680060
Alderson Federal Prison Camp
Inmate Mail/Parcels
Glen Ray Rd. Box A
Alderson, WV 24910

                                    S/ J. McCoy
                                    Case Manager