UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                            Case No. 15-11579

Karl E. Herrington, *et al.*,                                 Sean F. Cox
                                                              United States District Court Judge
      Defendant.

_____/

**OPINION & ORDER**
**GRANTING PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff United States of America ("Plaintiff") brought this action against Defendants

Karl E. Herrington and Jeanne M. Herrington[1] (collectively, "Defendants") to recover unpaid

federal income taxes.  Defendant Karl Herrington and Defendant Jeanne Herrington are currently

incarcerated and are both proceeding *pro se* in this action.

_____

[1]Also named as Defendants in this action were: Portfolio Recovery Associates, Michael
Robert Herrington, Jackson County Treasurer, and the State of Michigan.  Plaintiff included
these parties as defendants in this suit because it believed they might claim an interest in the real
property upon which Plaintiff seeks to enforce its federal tax liens.

A clerk's entry of default as to Michael Robert Herrington, Jackson County Treasurer, and
Portfolio Recovery Associates was filed on September 1, 2015 (Docket Entry No. 21, 22, 23).
On August 16, 2016, Plaintiff filed a Motion for Default Judgment against Portfolio Recovery
Associates, Michael Robert Herrington, Jackson County Treasurer.  On September 8, 2016, the
Court granted Plaintiff's motion for default judgment, holding that these defendants have no
right, title, claim, lien or interest in the real property located at 2889 Hendershot Road, Parma,
MI 49629.  (Docket Entry Nos. 82, 83).

A Stipulated Judgment with respect to Defendant State of Michigan was entered on May 4, 2016,
wherein it was ordered that: (1) Defendant State of Michigan had no interest in the real property
located at 2889 Hendershot Rd., Parma, MI 49629; and (2) that Defendant State of Michigan no
longer needs to participate in this action.  (Docket Entry No. 56).

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment. (Docket Entry No. 63, Pl.'s Br.). Plaintiff seeks to reduce to judgment unpaid tax assessments against Defendants Karl and Jeanne Herrington and to enforce tax liens against real property owned by Defendants through a court-ordered sale. Defendants have not properly responded to Plaintiff's motion and the time to do so has passed. The Court declines to hear oral argument pursuant to E.D. Mich. L.R. 7.1(f).

For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

Plaintiff commenced this action on May 1, 2015, seeking to collect unpaid federal tax liabilities from Defendants. (Docket Entry. No. 1, Compl.). Plaintiff alleges that Karl and Jeanne Herrington's failure to pay the taxes assessed against them gave rise to liens in favor of Plaintiff upon all property and rights to property of Karl and Jeanne Herrington, in an amount equal to their unpaid assessed liabilities. (*Id*. at ¶ 34). Plaintiff alleges that Karl and Jeanne Herrington own real property located at 2889 Hendershot Road, Parma, MI 49269 ("Parma Property"). (*Id*. at 30, 32).

Plaintiff's Complaint seeks the following relief:

A.    Judgment in its favor against Defendant Karl E. Herrington for his income tax liabilities and civil penalties in the amount of $141,542.56, plus statutory additions and interest that continue to accrue from and after March 2, 2105;

B.    Judgment in its favor against Defendant Jeanne M. Herrington for her income tax liabilities and civil penalties in the amount of $64,388.97, plus statutory additions and interest that continue to accrue from and after March 2, 2105;

C.    Judgment in its favor that it has valid and subsisting federal tax liens on all property and rights to property of Defendants Karl E. Herrington and Jeanne M. Herrington, including their interest in the [Parma] Property;

2

      D.      Judgment in its favor enforcing the federal tax liens against the [Parma] Property, and ordering the property to be sold, according to law, free and clear of all rights, titles, claims, and interest of the parties to this case, including any rights of redemption, with the net proceeds of the sale, after the payment of the costs of sale and any real estate taxes due and owning as permitted by 26 U.S.C. § 6323(b)(6), to be distributed among the parties in accordance with their lawful priorities;

      E.      Judgment that, if Defendant Michael Robert Herrington fails to appear and prove a right, title, claim, lien, or interest in the [Parma] Property, said defendant has no right, title, claim, lien, or interest in the [Parma] Property;

      F.      Judgment that, if the defendant State of Michigan fails to appear and prove a right, title, claim, lien, or interest in the [Parma] Property, said defendant has no right, title, claim, lien, or interest in the [Parma] Property;

      G.      Judgment that, if the defendant Portfolio Recovery Associates fails to appear and prove a right, title, claim, lien, or interest in the [Parma] Property, said defendant has no right, title, claim, lien, or interest in the [Parma] Property; and

      H.      Any other and further relief that the Court deems just and proper, including Plaintiff's costs

(*Id*. at pp. 12-13).

On August 3, 2015, Defendant Jeanne Herrington filed a motion to dismiss (Docket Entry No. 11), which the Court subsequently denied. (Docket Entry Nos. 27, 29).

On August 16, 2016, Plaintiff filed a Motion for Default Judgment against defendants Portfolio Recovery Associates, Michael Robert Herrington and the Jackson County Treasurer. (Docket Entry No. 73). In it, Plaintiff asked the Court to find that these entities and persons have no right, title, claim, lien or interest in the Parma Property. The Court granted Plaintiff's motion on September 8, 2016 and judgment was entered on that same date. (Docket Entry Nos. 82, 83).

**Plaintiff's Motion for Partial[2] Summary Judgment**

On July 8, 2016, Plaintiff filed the instant Motion for Partial Summary Judgment.[3]  In it, Plaintiff seeks to reduce to judgment unpaid federal tax assessments against Karl Herrington for the years 1996, 1998, 2000, 2001, 2003, 2004, and 2005 and against Jeanne Herrington for the years 1998, 1999, 2000, 2001 and 2004.  Based on these assessments, Karl and Jeanne Herrington's tax liabilities respectively amount to $145,362.67 and $35,132.25, as of July 1, 2016, with statutory additions continuing to accrue.  Plaintiff's motion additionally seeks to enforce federal tax liens against the real property owned by Defendants in Parma, Michigan through a court-ordered sale.

**Defendants' Subsequent Filings**

Defendants have filed several documents purporting to relate to Plaintiff's motion for partial summary judgment.  (See Docket Entry Nos. 65-69).

Jeanne Herrington has filed the following three documents: (1) "Notice of Dishonored Presentment," wherein she states that she intends to return the cover letter attached to Plaintiff's

---

[2] The Court notes that Plaintiff fashioned its motion as a "partial" motion for summary judgment because its complaint also sought declaratory relief against Michael Robert Herrington, the State of Michigan, and Portfolio Recovery Associates. The Court notes that it has granted Plaintiffs' requested relief as to the defaulted defendants in its Opinion & Order Granting Plaintiff's Motion for Default Judgment.

[3] On August 31, 2016, Defendant Jeanne M. Herrington filed a Notice of Appeal, appealing from "fraudulent final partial summary judgment sent to [her] by prosecutor Carl L. Moore that is unsigned by Judge Sean F. Cox and not dated." (Docket Entry No. 79).  It appears that Defendant is appealing from a proposed order, which has not been entered or signed by the Court.  Defendant's notice of appeal is premature because it was filed before any final order relating to Plaintiff's motion was entered in this case.  The Court will therefore disregard Defendant's premature notice of appeal.  *Braun v. Ultimate Jetcharters, Inc.*, 2014 WL 3749418, at *12 (N.D. Ohio July 30, 2014) ("Sixth Circuit law provides that an improvidently filed notice of appeal may be disregarded by the district court.").

motion because she does not consent; (2) "Notice of Error; Demand for Judicial Review and Relief from Claim for Fraud presented by Affidavit of Jeanne Marie Herrington," wherein she acknowledges Plaintiff's request for summary judgment and asserts frivolous and unrelated arguments regarding jurisdiction, the Uniform Commercial Code, the discharge of Plaintiff's debt and Plaintiff's alleged fraud upon the court; and (3) "Notice," wherein she returns this Court's notice of determination without oral argument, stating that "the presentment above is dishonored." (Docket Entry Nos. 65, 66, and 68).

Karl Herrington has refiled this Court's docket sheet and this Court's notice of determination without oral argument. (Docket Entry Nos. 67 and 69). On both documents, he writes: "accept for value, return for settlement" and "without prejudice u.c.c. 1-308, birth certificate number 121(Michigan)." He also requests the following: "[p]lease provide the registration certificate for this entire tax matter in tax recovery..." (Docket Entry No. 69).

To the extent that Defendants intended these documents to serve as responses to Plaintiff's motion, the Court finds that they are not proper. Moreover, even if properly asserted, any argument advanced therein is without merit and fails to withstand summary judgment. For reasons more fully developed below, the Court **GRANTS** Plaintiff's motion.

## STANDARD

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984), *quoting* FED. R. CIV. P. 56(c).

5

"The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case." *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). "The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case." *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). The plaintiff must come forth with more than a "mere scintilla of evidence" in support of his or her position in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "The court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

**A.    The Court Finds That Plaintiff Is Entitled To Judgment Against Defendants Karl and Jeanne Herrington For Their Unpaid Federal Income Tax Liabilities**

Plaintiff asks the Court to find that it is entitled to judgment against Defendants for their unpaid tax liabilities. Plaintiff contends that, as of July 1, 2016, Karl Herrington's tax liabilities amounted to $145,362.67 and Jeanne Herrington's tax liabilities amounted to $35,132.25.

To support the amount of tax liabilities claimed against Defendants, Plaintiff's motion includes: (1) certificates of assessments, payments, and other specified matters related to Karl E. Herrington for income tax years 1996, 1998, 2000, 2001, 2003, 2004, and 2005; and (2) certificates of assessments, payments, and other specified matters related to Jeanne M. Herrington for tax years 1998, 1999, 2000, 2001, and 2004.

As a general matter, "[c]ertificates of assessment are presumptively correct and enable the government to establish a prima facie case of tax liability." *United States v. Noble*, 3 Fed.

6

App'x 331, 334 (6th Cir. 2001) (internal citations omitted).  Once such a certificate is presented, the burden shifts to the taxpayer to produce convincing evidence to the contrary.  *Id.*

Here, Defendants have not submitted any evidence to refute Plaintiff's position.  Instead, Defendants have filed several documents which, even if construed as proper responses to Plaintiff's motion, are insufficient to overcome the presumption of correctness.  The arguments advanced by Defendants are nonsensical and frivolous.

The Court therefore finds that summary judgment as to this issue is appropriate.  *See Fisher v. United States*, 61 F. Supp. 2d 621, 630 (E.D. Mich. 1999) ("If the taxpayer fails to meet his burden of presenting sufficient evidence showing the assessments to be incorrect, summary judgment in favor of the government is appropriate upon submission of the Certificates of Assessments and Payments").

## B.    The Court Shall Permit Plaintiff To Enforce Federal Tax Liens Against Real Property Held By Defendants Karl and Jeanne Herrington

Next, Plaintiff seeks permission to enforce its federal tax liens against the real property of Defendants in order to apply the net proceeds of the sale to Defendants' tax liabilities.

Federal tax liens arise after a delegate of the Secretary of Treasury makes an assessment for taxes and provides the taxpayer with notice of the assessment and demand for payment.  *See* 26 U.S.C. §§ 6321 and 6322.  When a taxpayer fails to pay a tax after a demand, § 6321 creates a lien in favor of the United States "upon all property and rights to property, whether real or personal," belonging to that person.  When the lien attaches, the Government may enforce it by filing a civil action in district court to force the sale of the attached property.  26 U.S.C. § 7403(a).   If the government prevails, the Court must decree a sale of the property and order the proceeds distributed among the parties according to their interests.  § 7403(c).

Here, Plaintiff has attached recorded deeds relating to the real property located at 2889 Hendershot Road, Parma, Michigan 49269. (Ex. 4 to Pl.'s Br.). Defendants Karl and Jeanne Herrington own the Parma property as tenants by the entirety. (*Id*.).

Accordingly, the Court shall permit Plaintiff to enforce its federal tax liens against Defendants' real property, located at 2889 Hendershot Road, Parma, Michigan 49269. In so doing, the Court shall order a judicial sale of the Parma Property pursuant to 26 U.S.C. 7403.

## CONCLUSION & ORDER

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**. The Court finds that Plaintiff holds valid and subsisting federal tax liens arising out of the assessments against Defendants Karl E. Herrington and Jeanne M. Herrington, which attach to all property and rights to property belonging to Defendants.

The Court **HEREBY ORDERS THAT** judgment is entered in favor of Plaintiff United States and against: (1) Karl E. Herrington for the years 1996, 1998, 2000, 2001, 2003, 2004, and 2005, in the amount of $145,362.67, as of July 1, 2016, with statutory additions continuing to accrue pursuant to 26 U.S.C. § 6321; and (2) Jeanne M. Herrington for the years 1998, 1999, 2000, 2001 and 2004, in the amount of $35,132.25, as of July 1, 2016, with statutory additions continuing to accrue pursuant to 26 U.S.C. § 6321.

**IT IS FURTHER ORDERED THAT** Plaintiff is to prepare and submit a Proposed

8

Order of Sale for the Court's consideration **within seven days** of this Opinion & Order.

**IT IS SO ORDERED.**

Dated:  September 9, 2016                          S/ Sean F. Cox_____
                                                  Sean F. Cox
                                                  U. S. District Judge


I hereby certify that on September 9, 2016, the foregoing document was served on counsel of record via electronic means and upon Karl E. Herrington and Jeanne M. Herrington via First Class mail at the addresses below:

Karl E Herrington
45853039
P.O. Box 1085
Brooks, WI 53952

Jeanne M Herrington 43680060
Alderson Federal Prison Camp
Inmate Mail/Parcels
Glen Ray Rd. Box A
Alderson, WV 24910

                                                  S/ J. McCoy_____
                                                  Case Manager

9